| | |  |
|---|---|---|
| David K. Broyles, | } | |
| Shellie Galik Broyles, | } | |
| Michael S. Cooper, | } | |
| James Field, | } | |
| Bernice F Gilmore, | } | |
| Frederick B. Howden, IV., | } | |
| Eric Jones, | } | |
| Stacey Jones, | } | |
| Brian C. Kimmel, | } | |
| Brian E. Koons, | } | |
| James R. McKean, | } | |
| Charles D. Mc Williams, | } | |
| Jerry Mosbacher, | } | |
| Jessie Faye Oliver, | } | |
| Willie Irvin, | } | |
| Martin G. Parr | } | |
| James E. Ritter | } | |
| Cheryl Stalinsky, | } | |
| Lisa I. Theut, | } | |
| Carolyn J.Tortorice | } | |
| And | } | |
| James A. Winne, III, | } | |
| | } | |
| Plaintiffs, | } | |
| | } | |
| VS. | } | CIVIL ACTION NO. |
| | } | 4:08-CV-2320 |
| | } | |
| State of Texas, | } | |
| Ex rel. | } | |
| Greg Abbott. Texas Attorney | } | |
| General, and Ex rel. | } | |
| Hope Andrade, | } | |
| Texas Secretary of State, | } | |
| And | } | |
| Fort Bend County, Ex rel | } | |
| Robert E. Hebert, County Judge, | } | |
| and | } | |
| Ex rel, Dianne Wilson | } | |
| Fort Bend County Clerk, | } | |

| | |
|---|---|
| And | } |
| Weston Lakes Property | } |
| Owners Association, Inc. | } |
| and its Board of Trustees, | } |
| Herbert S. Yates, | } |
| Patrick A. Harris, | } |
| Charles V. Flowers, | } |
| Rhonda Zacharias, personally | } |
| and individually, | } |
| And | } |
| Weston Lakes Community | } |
| Incorporation Project | } |
| Committee, | } |
| Ex rel Clifton H. Aldrich, | } |
| its Chairman, | } |
| And | } |
| Citizens Committee for Incorp- | } |
| oration of Weston Lakes, | } |
| Ex rel, Clifton H. Aldrich, | } |
| its Chairman, | } |
| Defendants. | } |

PLAINTIFFS' REQUEST TO FILE MOTION FOR RECONSIDERATION

AND

REQUEST FOR ORAL ARGUMENT

Plaintiffs, by and through their attorney-in-charge, Robert L. Bernard, request the opportunity to file a motion for reconsideration of plaintiffs' motion for declaratory judgment.

A. Discussion

Article III, in part, states: *"The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States…..and to all Cases….Controversies…..[1]/*

- 2 -

Section 25 of The Judiciary Act of 1789, and the early decisions of the United States Supreme Court **[2]** ("Supreme Court") clearly established federal judicial authority and power to decide cases and controversies concerned with the constitutionality of federal and state laws, the constitutionality of federal and state courts' decisions, and the requirement that states shall abide by the decisions of the Supreme Court which "shall be the Supreme Law of the Land…" (Supremacy Clause"). [3]

The states and the federal judiciary are bound to respect and enforce the decisions of the Supreme Court as the supreme law of the land.

In 1948, predating scores of Supreme Court electoral process cases, Texas declared that the right to vote is "fundamental" as a "natural right", that the denial of the right to vote statutes "should be restrained by rigorous construction within the narrowest limits", and "the right to vote should be given liberal interpretation in favor of that right."

"The right to vote is so fundamental in our form of government that it should be zealously safeguarded as are our natural rights. It has been said that 'laws abridging the natural right of the citizen should be restrained by rigorous constructions within their narrowest limits.' It is sufficient, however, that we apply here the less extreme and well established rule of construction of statutes regulating the right to vote should be given liberal interpretation in favor of that right. *** This rule of construction, to avoid depriving individuals of their franchises, applies as well to registration laws as to other law regulating voting. ***The amended article therefore should be construed as not intending to deprive the elector of his right to vote for failure to procure the renewed or reissued certificate, especially when nowhere in the amendment is it said that such failure shall incur as a penalty the loss of the right to vote." **[4]**

Beginning with the earliest U.S. Supreme Court electoral process cases, then later cases, (a few examples, but not limited to, *Mitchell v. Wright,*[5] *Bell v. Southwell,* [6] *Hamer v. Ely,* [7] *Akizaki v. Fong,*[8] *Clark v. Roemer,* [9] *Roemer v. Evans,*[10] *Zimmer v. McKeithen,* [11] *Fonseca v. Hidalgo County Water Improvement District No. 2,*[12] *Panior v. Iberville Parish School Board,* [13] *Wallace v. House,* [14] and *Woodward v. City of Deerfield Beach,*[15] ) and culminating with the new opinions of the John G. Roberts' Supreme Court (2008-2009 term) with Justices Alitio, Kennedy, Scalia, and Thomas) that decided five electoral cases [16] and the opinions in *District of Columbia v, Heller*. [17] *Heller* [5-4] teaches us the modalities' process by which the Constitution is construed and interpreted. [18]

Constitutional interpretations and precedents are not forever carved in memorial.[19] Although the *stare decisis* [20] principle of a single constitutional decision may be binding upon all subsequent similar cases with similar facts and circumstances, it has been empirically established that precedent is not permanent, not immutable, and not rigid.[21]

Further, beginning with *Marbury v. Madison* in 1803 for the next two hundred years (2003), the Supreme Court has overturned as unconstitutional, in whole or in part, over 1500 laws and ordinances passed by elected bodies across the United States. Over 160 of the laws overturned were congressional statutes.[22]

B. Request

Consequently, there is a fair and just need for granting the opportunity of plaintiffs' motion for reconsideration in order to sharpen and target a new and fresh examination of the constitutional issues in plaintiffs' motion for declaratory judgment (Complaint, Section VI; Docket Entry No. 7, [23]/ Doc. Nos. 5, 6, and addressed in Section III, A, 1 and 2 of the March 31, 2009 Court Memorandum and Order (Doc. No. 32).

Plaintiffs, particularly those Weston Lakes' landowners residing outside Weston Lakes, urge the court to grant them the opportunity [24]/ to heard, with a competent brief [25]/ that Texas Election Code § 7.006 violates the Fourteenth Amendment by disenfranchising Weston Lakes landowners residing outside Weston Lakes from voting in the one-time, one-issue, special, and dedicated incorporation referendum [26]/ on May 10, 2008.

The plaintiffs' motion for declaratory judgment is the one and only issue for their motion for reconsideration.

Hopefully, if plaintiffs' request is granted, plaintiffs would present the historical (presenting early American voting qualifications [27]/ and framers', ratifies' [28]/ and legislators' intent); textual (Constitutional word meanings alone as interpreted by an average contemporary American today); structural (relationship rules mandated by Constitution); doctrinal (applying rules generated by precedent); ethical (American moral and ethos reflected in Constitution);and prudential (balance costs and benefits) modalities of Constitutional interpretation. [29]/

WHEREFORE, plaintiffs request the court to grant them the fair and just opportunity to present their motion for reconsideration of their declaratory judgment action that Texas Election Code § 7.006 is unconstitutional.

Dated: April 12, 2009                                    /s/_____

                                                   Robert L. Bernard
                                                   Attorney-In-Charge
                                                   Texas Bar No. 02211380
                                                   Federal Bar No. 12277
                                                   4505 Westerdale Drive
                                                   Fulshear, Texas 77441-4231
                                                   Tel. – 281-533-0222
                                                   Fax.- 281-533-0444
                                                   E-Mail – beagelegal@airmail.net

## CERTIFICATE OF SERVICE

      I, Robert L. Bernard, pursuant to 28 U.S.C.§ 1746, certifies under the penalty of perjury, that on the 13th day of April, 2009, I filed this Reply with the electronic court filing system wherein all attorneys are provided with a copy of this filing electronically.

                            /s/_____
                            Robert L. Bernard

[Breaking News: on Saturday, April 11, 2009, the Houston *Chronicle* reported that "Under pressure from the federal government since 2004, Fort Bend County has agreed to greatly expand the use of Spanish in election materials and voter assis-

tance."…"Court documents suggested voter complaints (prior to 2004) may have triggered the probe."…"Separate from the language issue, Fort Bend County also agreed to make sure provisional ballot applications are available to all voters who asked to vote after stating they were properly registered, even though their names were missing from the county rolls."  The agreement with the U.S. Justice Department was filed in this court.]

*FOOTNOTES*

---

[1]/ *U.S. Const. Art. III, sec. 2.*

[2]/ Official case citations will be used because today's computerized legal research renders additional citations superfluous.  States' abbreviations via U.S. Postal Service standard.
Chisholm v. Georgia, 2 U.S. 419 (1793), SC. citizen-creditor suit against GA-debtor. GA refused to appear, claiming immunity from suit as a sovereign and independent State. Seriatim opinions holding sovereignty resided in people and citizens could sue a State under Art. III, sec.2. (decision overturned by the Eleventh Amendment (1798).  Ware v. Hylton, 3 U.S. 199 (1796), Treaty of Paris (1783), peace treaty with England, provided that British creditors had no impediment to recover debts from American debtors, but VA. statute allowed such debtors to deposit debt amount into VA. treasury was declared nullified by the Treaty (future C.J. Marshall represented Virginia debtor). Calder v. Bull, 3 U.S. 386 (1798), seriatim opinions of constitutional limitations of government to declare CT. statute violated Art. I, sec 10 ex post facto provision. Marbury v. Madison, 5 U.S. 137 (1803), Marbury entitled to his commission that Madison wrongfully withheld.(Marshall was Secy/State.) Mandamus remedy under Sec.13 of Judiciary Act of 1789 conflicted with Art. III, original jurisdiction in Supreme Court. First Sup. Ct. case of judicial review of congressional statute.  Comprehensive rationale for concepts of limited government, the written Constitution and the rule of law. Fletcher v. Peck, 10 U.S. 87 (1810), MS. statute violated obligation of Contracts Clause, Art.I,sec.10.  Martin v. Hunter's Lessee, 14 U.S. 304 (1816), upheld Sec.25 of Judiciary Act of 1789 that national judicial power exclusively in federal courts' review of final judgments of state courts. McColluch v. Maryland, 17 U.S. 317 (1819), Necessary and Proper Clause gave Congress the power to incorporate Second Bank of U.S.; but MD. had no constitutional power to tax the bank.  C.J. Marshall opined: "we must never forget that it is a constitution we are expounding" (p.407) and  "the power to tax involves the power to destroy." (p.431);  Cohens v. Virginia, 19 U.S. 264, 5 (1821), Sec.25 of Judiciary Act of 1789 and Eleventh Amendment did not prevent federal judiciary being the ultimate constitutional arbiter.  Cooper v. Aaron, 358 U.S. 1 (1958), unanimous decision opinion signed by all nine justices that *Brown v. Board of Education of Topeka, Kansas*, 347 U.S. 483 (1954) desegregation order and plans shall not, in good faith, be delayed, on grounds it would be a denial of black students' rights under Equal Protection Clause, and (2) State governors and State legislatures bound under Supremacy Clause to uphold Supreme Court deci*sions.*

[3]/ The Supremacy Clause, Article VI, section 2 of the Constitution, declares: *The Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States shall be the supreme Law of the Land,; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.*

⁴/ *Thomas v. Groebl*, 147 Tex. 70, 78 (Tex. 1948).
⁵/ 154 F.2d 924 (5th Cir. 1946).
⁶/ 376 F.2d 659 (5th Cir. 1957).
⁷/ 410 F.2d 152 (5th Cir. 1969).
⁸/ *51 Haw. 354 (1969).*
⁹/ 500 U.S. 646 (1991).
¹⁰/ 517 U.S. 620 (1996).
¹¹/ 485 F.2d 1297 (5th Cir. 1973).
¹²/ 496 F.2d 109 (5th Cir. 1974).
¹³/ 398 F.2d 1232 (5th Cir. 1974).
¹⁴/ 515 F.2d 619 (5th Cir. 1975).
¹⁵/ 538 F.2d 1081 (5th Cir. 1976).
¹⁶/ *New York v. Lopez-Torres*, 128 S.Ct. 791 (2008); *Washington State Grange v. Washington State Republican Party*, 128 S.Ct. 1183 (2008)(regulation of political parties);*Crawford v. Marion County Election Bd.*, 128 S.Ct. 1610 (2008)(voter photo identification); *Riley v. Kennedy*, 128 S.Ct. 1970 (2008)(Voting Rights Act); and *Davis v. FEC*, 128 S.Ct. 2759 (2008)(campaign finance).
¹⁷/ *District of Columbia v, Heller*, 128 S.Ct. 2783 (2008)(Second Amendment).
¹⁸/ The methods by which a proposition is characterized as true. Philip Bobbitt, *Constitutional Interpretation*, 1991; Malcolm E. Feeley & Edward Rubin, *Judicial Policy Making and the Modern State*, reprinted, © 2000 Cambridge University Press. In plaintiffs' case, Amendment XIV (ratified 1868) is the one and only issue to be reconsidered. **"**No State shall make or enforce any law which shall abridge the privileges or immunities of the citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.".
¹⁹/ Some Supreme Court's electoral process opinions later overruled: Reese v. U.S. 92 U.S. 214 (1876)[8-1] first voting rights act case under Fifteenth Amendment put state and local elections off limits to federal election enforcement holding "Fifteenth Amendment does not confer the right of suffrage on any one" (p.217); Williams v. Mississippi,170 U.S. 213 (1898[9-0] literacy tests and poll taxes upheld; Grovey v. Townsend, 295 U.S. 45 (1995) unanimously ruled that Texas Democratic Party had the right to exclude blacks; Newberry v. U.S., 256 U.S. 232 (1921) Congress lacked power under Art. I, sec. 4 to regulate party primaries; and Colegrove v. Green, 328 U.S. 549 (1946)[4-3] upheld three-judge district court's dismissal of voters' challenge of apportionment of Illinois congressional districts.'
²⁰/ Justice Louis Brandeis, in a frequently cited dissent on why the Supreme Court owes relatively little deference to its constitutional decisions: *Stare decisis is usually the wise policy, because in most matters it more important that the applicable rule be settled than it be settled right. …But in cases involving the Federal Constitution, where correctness through legislative action is practically impossible, this Court has often overruled its earlier decisions. The Court bows to the lessons of experience and the force of better reasoning, recognizing that the process of trial and error, so fruitful in the physical sciences, is appropriate also in the judicial function.* Burnet v. Coronado Oil & Gas Co., 285 U.S. 393, 306-308 (1932). Later overruled by Helvering v. Mountain Producers Corp,, 303 U.S. 376 (1938)(Brandeis was justified)..
²¹/ From 1979 through the end of the 2004 term, the Supreme Court, in 133 cases, expressly overruled 208 precedents. There were nineteen Fourteenth Amendment due process express overrulings and eight equal protection express overrulings.. Michael J. Gerhardt, *The Power of Precedent*, © 2008 by Oxford University Press, Inc. (Appendix Table 1 and Table 2).
²²/ Linda Camp Keith, *The U.S. Supreme Cour and the Judicial Review of Congress*, © 2008 Peter Lang Publishing, Inc.
²³/ Hereinafter labeled ("Doc. No. –") for Docket Entry No.
²⁴/ *Mathews v. Eldridge*, 424 U.S. 318 (1976); *Goldberg v. Kelly*, 397 U.S. 254 )1970) and *Board of Regents of State Colleges v. Roth*, 408 U.S. 564 (1972).
²⁵/ Samuel Issacharoff, Pamela S. Karlan and Richard H. Pildes, *The Law of Democracy: Legal Structures of the Political Process*, revised 3rd edition, © 2007 by Foundation Press with 2008 Supplement. Relevant sections are concerned with constitutional approaches, issues and decisions in right to participate, politi-

cal parties, money and politics, preclearance and Voting Rights Act, majority and minority vote dilution, direct democracy, and remedial options for defective elections.

[26]/ No person was elected. Therefore, it was not, and never will be, an election. It was, and will always be, a voter initiated referendum FOR or AGAINST incorporating Weston Lakes as a municipality.

[27]/Beginning with the Albany Plan of Union in 1754 to McCulloch v. Maryland in 1819).

[28]/ Fourteenth Amendment, debated in 1866 and ratified in 1868.

[29]/ Paul Brest, Sanford Levinson, Jack M. Balkin, Akhil Reed Amar, and Reva B. Siegel, *Processes of Constitutional Decisionmaking: Cases and Materials*. © 2006 Aspen Publishers, Inc.